```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

LESAMUEL PALMER,

               Plaintiff,

vs.                                     Case No. 2:10-cv-98-FtM-36SPC

SERGEANT GJERDE; C. GALLAGHER; J.
BRACY; DOCTOR HEMPHILL,

               Defendants.
_____

## OPINION AND ORDER

### I.

This matter comes before the Court upon review of the Motion to Dismiss (Doc. #33, Motion) filed on behalf of Defendants Bracy, Gallagher, and Gjerde on May 10, 2010. Plaintiff filed a response (Doc. #47, Response) on June 16, 2010. This matter is ripe for review.

### II.

Plaintiff LeSamuel Palmer, a Florida prisoner who is proceeding *pro se*, initiated this action by filing a Civil Rights Complaint Form (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983 on February 12, 2010. Plaintiff sues correctional officers and a doctor employed at Charlotte Correctional Institution (hereinafter "Charlotte Correctional"). Complaint at 1, 11. In pertinent part, Plaintiff attributes liability on the correctional officers, Defendants Gallagher, Bracy, Gjerde, for failure to protect Plaintiff on October 12, 2009, when another inmate attacked

Plaintiff during recreation at Charlotte Correctional. *Id.* at 11-12. According to the Complaint, immediately preceding the attack, Plaintiff's repeated requests to each of the Defendants went ignored. In particular, Plaintiff alleges that he asked each Defendant to either move him away from the cage next to the inmate-attacker, or move the inmate-attacker to a different recreation cage. *Id.* at 12-13. Because Plaintiff's requests were ignored, the inmate-attacker had the opportunity to break the cage-like fence separating himself from Plaintiff, pull Plaintiff into his cage, and attack Plaintiff by punching him, kicking him, and trying to stab him with a homemade shank. *Id.* Additionally, Plaintiff alleges that the Defendants did not immediately respond to Plaintiff's pleas for help during the attack. *Id.* at 13. When Defendant Gjerde responded to the altercation after hearing other inmates in the yard yelling, Plaintiff claims he was sprayed with six cans of chemical agents. *Id.*

As a result of the attack, Plaintiff suffered a dislocated arm, which later required two different medical procedures, a laceration on his lip, other minor abrasions on his body, and the effects of chemical agents. Plaintiff attributes liability on Defendant Doctor Hemphill for a delay in providing medical treatment, and for failing to provide adequate medical treatment, for his serious medical condition. *Id.* at 14. These claims against Defendant Hemphill will be addressed by separate order.

As relief, Plaintiff seeks declaratory relief, compensatory damages totaling $800,000, punitive damages totaling $300,000, and any other relief the Court deems appropriate. *Id.* at 15.

### III.

At issue *sub judice* is the correctional officers' Motion to Dismiss. Defendants move to dismiss Plaintiff's failure to protect claim and state that the Complaint does not allege any facts to establish that the Defendants knew Plaintiff was in danger from the inmate-attacker. Motion at 4-6. Therefore, Defendants argue that the Complaint does not establish that the Defendants had the requisite subjective knowledge to draw the conclusion that Plaintiff was in danger and then acted with deliberate indifference to that danger. *Id.* at 7. Additionally, Defendants submit that, to the extent that Plaintiff seeks monetary damages from the Defendants in their official capacities, such relief is barred by Eleventh Amendment immunity. *Id.* at 7-8.

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Thus, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however,

are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the *Twombly-Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott*, 610 F.3d 701, 708, fn. 2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Marsh*, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *Ashcroft*, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*

A complaint must satisfy the pleading requirements of Fed. R. Civ. P. 8 by simply giving the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Conley v. Gibson*, 355 U.S. 41 (1957). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted) (abrogating *Conley*, 355 U.S. 41 in part and stating that *Conley* did not set forth the minimum standard governing a complaint's survival under a motion to dismiss, rather the case "described the breadth of opportunity to prove what an adequate complaint claims"). Additionally, there is no longer a heightened pleading requirement. *Randall*, 610 F.3d at 701. Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

**A.  Failure to Protect Claim**

The Supreme Court made clear that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Not every injury that an inmate suffers at the hands of another inmate "translates into a constitutional liability." *Id*. at 834. Rather, a violation of the Eighth Amendment occurs when a prison official

acts with deliberate indifference to a substantial risk of harm to an inmate. *Id.* at 828. "Deliberate indifference is not the same thing as negligence or carelessness." *Maldonado v. Snead*, 168 Fed. Appx. 373 (11th Cir. 2006)(citing *Ray v. Foltz*, 370 F.3d 1079, 1083 (11th Cir. 2004)). "Merely negligent failure to protect" an inmate from an attack does not give rise to a § 1983 claim. *Carter v. Galloway*, 352 F.3d 1346, 1350 (11th Cir. 2003).

A plaintiff must demonstrate that the defendant was aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists and that the prison official drew that inference. *Purcell v. Toombs County, GA.*, 400 F.3d 1313, 1319-20; *Carter*, 352 F.3d at 1349. In other words, to show that an official had subjective knowledge, the court is to inquire whether the defendant was aware of a "particularized threat or fear felt by [the plaintiff]." *Carter*, 352 F.3d at 1350. "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment" and does not give rise to a constitutional violation. *Farmer*, 511 U.S. at 838. Whether an official had requisite knowledge is a question of fact that may be demonstrated by circumstantial evidence. *Id.* at 842. Consequently, evidence of past attacks which were "long-standing, pervasive, well-documented, or expressly noted by [ ] officials in the past" may be sufficient to find that the official had actual

knowledge. *Id.* However, general knowledge that a particular inmate is a problem inmate with a well-documented history of prison disobedience who is prone to violence is not sufficient. *Carter*, 352 F.3d at 1349. *See also McBride v. Rivers*, 170 Fed. Appx. 648 (11th Cir. 2006).

### 1. Defendant Gallagher

According to the Complaint, Plaintiff first asked Defendant Gallagher if he could place another inmate in the cage beside his cage at recreation, or move Plaintiff to another cage. Complaint at 11-12. Plaintiff submits that Gallagher "denied" Plaintiff's request and "walked away." *Id.* at 12.

Plaintiff does not state that he told Gallagher that he was afraid of the inmate, who was placed in the cage next to his. Other than Plaintiff asking Gallagher to move him away from the cage, the Complaint contains no facts to support a showing that Defendant Gallagher was aware of a particular threat or fear felt by Plaintiff. Because of this factual deficiency, the Complaint also does not allege any facts to show that Gallagher acted with deliberate indifference to Plaintiff's fear of serious injury. Therefore, the Motion to Dismiss with respect to Defendant Gallagher is granted.

### 2. Defendant Bracy

The Complaint alleges that Plaintiff next asked Defendant Bracy if either he or the inmate-attacker could be moved from the

cages beside each other.  Complaint at 12.  According to the Complaint, Defendant Bracy responded to Plaintiff by asking "What are you afraid of?"  Plaintiff states that Bracy then started to laugh and walked away.  *Id.*

At this stage of the pleadings, the Court accepts the allegations in the Complaint as true.  The Complaint shows that Bracy, arguably, acknowledged that Plaintiff was in fear of the inmate located in the cage next to Plaintiff when he asked Plaintiff why was he afraid, accompanied by his laughter.  Thus, the Complaint contains facts supporting a reasonable inference that Bracy knew that Plaintiff was under a particular threat or felt fear of the would-be inmate attacker.  The facts in the Complaint that Bracy began to laugh after asking Plaintiff why he was afraid, and then walked away, could lead to a reasonable inference that Bracy acted with deliberate indifference.  Further, in Response, Plaintiff explains that it is a common practice for inmates to separate the "fence fabric" to attack other inmates.  Response at 6.  So, Plaintiff submits that the Defendant knew it was possible for the would-be inmate attacker to separate the fencing.  Therefore, the Motion to Dismiss is denied with respect to the claim against Defendant Bracy.

### 3. **Defendant Gjerde**

The allegations in the Complaint regarding Defendant Gjerde's involvement leading up to the attack are minimal.  Plaintiff

-8-

alleges that he "called" Defendant Gjerde, but Gjerde "kept walking" and stated "drop the lawsuit." Complaint at 12.

Here, Plaintiff states that he was only able to "call" Gjerde. Plaintiff does not allege that he asked Gjerde if he could be moved, or that Gjerde knew Plaintiff wanted to be moved away from the inmate in the cage next to him. Thus, based on the Complaint, there are no facts that even plausibly allege that Gjerde knew Plaintiff was in fear. The Motion to Dismiss is granted with regard to Defendant Gjerde.

**B.  Eleventh Amendment Immunity**

Defendants submit that they are entitled to Eleventh Amendment immunity to the extent Plaintiff seeks monetary relief from them in their official capacities. Motion at 7-8. In Response, Plaintiff states that he is not seeking monetary damages from the Defendants in their official capacities and concedes that Eleventh Amendment immunity would bar such relief. Response at 11. Plaintiff explains that any official capacity claims he pursues against the Defendants is "for the purpose of obtaining injunctive and declaratory relief." *Id.* at 12.

Based on the foregoing, it is clear that Plaintiff is not seeking monetary damages from the Defendants in their official capacities. Indeed, monetary relief against the officers in their official capacities is barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)(citing

*Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985)(other citations omitted)(stating a suit against a state employee in his official capacity is a suit against the State for Eleventh Amendment purposes).

Plaintiff's request for declaratory relief, or prospective relief, against the Defendants in their official capacities is not barred by the Eleventh Amendment. *Graham*, 473 U.S. at 167, n. 14. However, to set forth an official capacity claim against Defendants, Plaintiff would have to allege that a custom or policy set forth by the Florida Department of Corrections was the "moving force" behind the alleged constitutional violation. *Graham*, 473 U.S. at 166; *see also Monell v. New York Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978). The Complaint does not allege any policy or custom was the moving force resulting in the violation. *See* Complaint. Therefore, the Complaint fails to state any official capacity claims against the Defendants.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Motion to Dismiss (Doc. #33) filed on behalf of Defendant Gallagher, Bracy, and Gjerde is **GRANTED in part** and **DENIED in part**.

2. The motion is **GRANTED** with respect to the claims against Defendants Gallagher and Gjerde and the Defendants Gallagher and

Gjerde are **DISMISSED without prejudice**.  The motion is **DENIED** with respect to Defendant Bracy, in his individual capacity only.

3.  The Clerk of Court shall enter judgment and correct the caption of the case accordingly.

3.  Defendant Bracy shall file his Answer and Affirmative Defenses within twenty-one (21) days from the date on this Order.

**DONE AND ORDERED** at Fort Myers, Florida, on this 26th day of January, 2011.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

SA: alj
Copies: All Parties of Record