UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESAMUEL PALMER,

        Plaintiff,

vs.                              Case No. 2:10-cv-98-FtM-36SPC

J. BRACY,

        Defendant.
_____

**ORDER**

This matter comes before the Court upon review of Defendant Hemphill's Motion for Taxation of Costs (Doc. #58, Motion) and attached bill of costs (Exh. A), filed January 28, 2011. Plaintiff has not filed a response to the motion and the time to do so has expired. *See* docket history.

LeSamuel Palmer, a *pro se* plaintiff who is incarcerated, initiated this action pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. With respect to Defendant Hemphill, the Complaint alleged that Hemphill, a doctor at Charlotte Correctional Institution, acted with deliberate indifference to Plaintiff's serious medical condition. According to the Complaint, Plaintiff was injured and required medical treatment when another inmate in the jail attacked him. The case currently remains pending against only Defendant Bracy based on Bracy's alleged failure to protect Plaintiff from the inmate attack.

On January 27, 2011, the Court granted Defendant Hemphill's motion for summary judgment, and judgment was entered that same day. *See* Order at Doc. #56, Judgment at Doc. #57. Hemphill asserts that, as the prevailing party, he is entitled to reimbursement of copying costs totaling $16.20. Motion at 2; Exh. A. Defendant Hemphill refers the Court to Federal Rule of Civil Procedure 54(d)(1), which deals with a court's award of costs other than attorney's fees, and Local Rule 4.18 (M.D. Fla.). *Id.* at 1.

Fed. R. Civ. P. 54(d)(1) states, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs- other than attorney's fees- should be allowed to the prevailing party." *Id.* Therefore, by the plain language of this rule, it is within the Court's discretion to permit, permit in part, or deny costs as the Court deems appropriate. *See also Harris v. Forsyth*, 742 F.2d 1277, 1278 (11th Cir. 1984)(stating "[t]he decision to enter judgment for costs is clearly discretionary."). The Court may consider, as one factor, the unsuccessful litigant's financial status. *Chapman v. AI Transport*, 229 F.3d 1012, 1040 (11th Cir. 2000). A prevailing defendant, however, may only be awarded those costs enumerated in 28 U.S.C. § 1920.[1] *Newman v. Housing Authority*

---

[1] Defendant was represented by counsel from the Florida Attorney General's Office. Defendant does not seek reimbursement of attorney's fees; thus, the Court does not specifically apply "The Civil Rights Attorney's Fees Award Act of 1976," codified at 42 U.S.C. § 1988(b) to this case. *See generally Hughes v. Rowe*, 449 U.S. 5 (1980).

*of the City of Ft. Lauderdale*, Case No. 06-60359 CIV, 2007 WL 315098 *1 (S.D. Fla. 2007).

In this case, the Court is going to deny Defendant's Motion. Although Defendant Hemphill is considered the prevailing party, this case reached the summary judgment stage, and, required the Court's careful attention and review. *See* Doc. #56 at 10-15 (addressing claims against Hemphill). As discussed above, Plaintiff's action remains pending against one of the defendants. Doc. #54. Plaintiff's action was not frivolous, unreasonable, or without foundation. *Newman*, 2007 WL 315098 *2 (finding that imposition of costs should be held to same stringent standard as the imposition of attorney's fees under § 1988). The Court also considers, as an additional factor, that Plaintiff is an indigent prisoner, who was granted leave to proceed *in forma pauperis* in this case. *See* Doc. #5. Based on the foregoing, the Court denies Defendant's Motion.

ACCORDINGLY, it is hereby **ORDERED**:

Defendant's Motion for Taxation of Costs (Doc. #58) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, on this 10th day of March, 2011.

Charlene Edwards Honeywell
United States District Judge

SA: alj
Copies: All Parties of Record