UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESAMUEL PALMER,

                Plaintiff,

vs.                                 Case No. 2:10-cv-98-FtM-36SPC

J. BRACY,

                Defendant.
_____

**ORDER**

This matter comes before the Court upon review of "Defendant Hemphill's Motion for Reconsideration or, Alternatively, Motion to Certify Under Rule 54(b), Fed. R. Civ. P." (Doc. #90, Motion for Reconsideration), filed August 8, 2011; and, Defendant Bracy's Motion to Tax Costs (Doc. #99, Motion for Costs), filed September 12, 2011. Plaintiff has not filed a response to either motion and the time to do so has expired. These matters are ripe for review.

**Motion for Reconsideration**

The Court first addresses Defendant Hemphill's Motion for Reconsideration of the Court's March 10, 2011 Order (Doc. #67, hereinafter "Order"), denying Defendant Hemphill's motion to tax costs. Defendant Hemphill does not state under which rule he files his Motion for Reconsideration. The Court presumes the motion is filed under Fed. R. Civ. P. 60(b).[1] The purpose of Fed. R. Civ. P.

---

[1] Rule 60(c) requires that a Motion for Reconsideration be filed "within a reasonable time," and no more than a year after the entry of judgment or order. Defendant meets this requirement.

60(b) is to define the circumstances under which a party may obtain relief from a final judgment or order. "It should be construed in order to do substantial justice, but this does not mean that final judgments should be lightly reopened." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citations omitted) (stating "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments."). Rule 60(b) permits courts to reopen judgments, or provide relief from an order, for reasons of mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief. *See* Rule 60(b)(1), 60(b)(6). "Motions under this rule are directed to the sound discretion of the district court." *Id.; United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1318 (11th Cir. 1997).

Defendant Hemphill submits that the Court should reconsider its Order because Fed. R. Civ. P. 54(d) creates a presumption in favor of awarding costs to the prevailing party and Plaintiff did not overcome that presumption. Motion for Reconsideration at 2, 5 (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000)(*en banc*)). Defendant Hemphill further contends that, as the prevailing party, the Court should have granted his request for printing costs totaling $16.20. Motion for Reconsideration at 1. Defendant Hemphill believes that the Court mistakenly applied the standard associated with 42 U.S.C. § 1988, instead of the standards set forth in Rule 54(d)(1) and § 1920. *Id.* Defendant Hemphill acknowledges that case law permits

the court to consider a party's financial resources when making a costs determination, but submits that in those cases where a court considers a party's financial resources, the party must produce "substantial documentation" of a true inability to pay. *Id.* at 5 (quoting *Chapman*, 229 F.3d at 1039). Defendant Hemphill correctly points out that Plaintiff did not file a response to the motion for costs, much less provide documentation of his inability to pay. *Id.* at 5. Moreover, Defendant avers that even in those rare cases when a court considers a party's financial resources, a court may not decline to award any costs at all. *Id.* at 4 (quoting *Chapman*, 229 F.3d at 1039).

Defendant Hemphill's arguments are well taken, with the exception that, contrary to the Defendant's position, the Court expressly stated in its Order that it was *not* applying the standard associated with the imposition of attorneys' fees under 42 U.S.C. § 1988(b). *See* Order at 2, fn. 1. Also, to the extent that Defendant Hemphill suggests that the district court must award costs to the prevailing party, the Eleventh Circuit Court of Appeals has specifically *rejected* the idea that "costs *must* be assessed" against the non-prevailing party. *Harris v. Forsyth*, 742 F.2d 1277, 1278 (11th Cir. 1984)(emphasis in original).

As initially noted by the Court in its Order, Fed. R. Civ. P. 54(b) addresses awards of costs for a prevailing party. The prevailing party may be awarded those costs enumerated in 28 U.S.C. §

1920.  *See* Order at 2 (citing *Newman v. Housing Authority of the City of Ft. Lauderdale*, Case No. 06-60359, 2007 WL 315098 *1 (S.D. Fla. 2007)); *but see Campbell v. Rainbow City,* 209 F. App'x 873, 876 (11th Cir. 2006)(recognizing that § 1920 is permissive, not restrictive, and does not exhaust the class of costs that may be taxed in the district courts).  Indeed, as previously stated, "[t]he Court has discretion to award costs against indigents 'as in other cases.'"  *Harris*, 742 F.2d at 1278 (citing 28 U.S.C. § 1915(e))(addressing imposition of costs on an appellant proceeding *in forma pauperis*); *see also ANG v. Coastal Int'l Security, Inc.*, 417 F. App'x 836 (11th Cir. 2011)(recognizing that the district court may award costs against indigent plaintiffs).

In its Order, the Court considered, as one factor, Plaintiff's financial status.  *Chapman*, 229 F.32d at 1040.  The Court, however, acknowledges that Plaintiff never filed a response to Defendant Hemphill's motion for costs and never provided any documentation of his inability to pay, other than his initial motion for leave to proceed *in forma pauperis*.[2]  *Id.* at 1039 (stating court should require "substantial documentation" of a true inability to pay).  Moreover, the Eleventh Circuit Court of Appeals has recognized that "[e]ven in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all."  *Id.*  The

---

[2]Plaintiff also has failed to file a response to Defendant Hemphill's Motion for Reconsideration.  *See* docket.

Court acknowledges that it declined to award any costs at all to Defendant Hemphill and the standard applied by the Court would make it impossible for a prevailing party to obtain costs in any prisoner case, where the prisoner was proceeding *in forma pauperis*, which reached the summary judgment stage.  Further, the Court now recognizes:

> when costs are assessed only in extreme or exceptional cases, those persons granted leave to proceed *in forma pauperis* have virtually "nothing to lose and everything to gain," [] and the purpose of § 1915- equal access for the poor and rich- is distorted. Non-indigents who contemplate litigation are routinely forced to decide whether their claim is "worth it."  We see no reason to treat indigents differently in this respect.

*Harris*, 742 F.2d at 1278 (quoting *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir. 1981)).  At this point in time, the Court also has the benefit that the case is at its conclusion.[3]

Consequently, for these reasons, the Court grants Defendant Hemphill's Motion for Reconsideration and vacates its March 10, 2011 Order.  Pursuant to Rule 54(d)(1) and 28 U.S.C. § 1920, Defendant Hemphill's Motion to Tax Costs is granted and Plaintiff is taxed costs in the amount of $16.20.

---

[3]The Court recognizes that "section 1915 contemplates the *postponement* of fees and costs for litigants who are granted *in forma pauperis* status." *Harris*, 742 F.2d at 1278 (emphasis added); 28 U.S.C. section 1915(f)(stating "[j]udgment may be rendered for costs at the conclusion of the suit.")

**Defendant Bracy's Motion For Costs**

Defendant Bracy files a Motion for Costs pursuant to Fed. R. Civ. P. 54(d)(1) and files an attached bill of costs. Motion for Costs at 1; *see also* Exh. A. Defendant Bracy, as the prevailing party, requests reimbursement of his copying expenses totaling $27.75. *Id.* Plaintiff has not filed a response in opposition to the Motion. *See* docket.

Pursuant to Rule 54 and 28 U.S.C. § 1920, as set forth *supra*, the Court grants Defendant Bracy's Motion for Costs. Defendant Bracy's Motion for Summary Judgment was granted on September 9, 2011, and he is the prevailing party. *See* Doc. #97. The copies Defendant Bracy seeks reimbursement for were necessarily obtained in the case. *See* 28 U.S.C. § 1920. Therefore, Plaintiff is taxed costs totaling $27.25.

ACCORDINGLY, it is hereby

**ORDERED AND ADJUDGED:**

1. "Defendant Hemphill's Motion for Reconsideration or, Alternatively, Motion to Certify Under Rule 54(b), Fed. R. Civ. P." (Doc. #90) is **GRANTED**. The Court **vacates** its March 10, 2011 Order (Doc. #67) and **grants** Defendant Hemphill's Motion for Costs (Doc. #58). Defendant's Motion to Certify Appeal (Doc. #90) is **DENIED as moot**.

2. Defendant Bracy's Motion to Tax Costs (Doc. #99) is **GRANTED**.

3. Plaintiff is hereby taxed costs totaling $43.45 ($16.20 for Defendant Hemphill and $27.25 for Defendant Bracy).

4. Plaintiff shall make payments for these costs to Defendants pursuant to 28 U.S.C. § 1915(f)(2)(B).

5. The Clerk of Court shall enter judgment accordingly.

**DONE AND ORDERED** at Fort Myers, Florida, on this 5th day of October, 2011.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

SA: alj

Copies: All Parties of Record